# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

AMERICAN ALTERNATIVE INSURANCE CORP.,

    Plaintiff(s),

v.

JOHN DUCAS,

    Defendant(s).

Case No.: 2:18-cv-02346-APG-NJK

**Order**

[Docket No. 28]

Pending before the Court is Defendant's motion to compel discovery from non-party Travelers Insurance, which was filed on an emergency basis. Docket No. 28.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer as defined by LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that these rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc.*

1

*v. Progressive Games, Inc*., 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

In this case, Defendant's attorney left voicemail messages for Travelers Insurance and received back a conclusory email. *See* Docket No. 28 at 3-4; *see also* Docket No. 28-2.[2] The prefiling conference requirements "may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement." Local Rule IA 1-3(f). Moreover, it does not appear that the communications made in this case were sufficiently detailed to meet the above standards.

---

[1] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

[2] Defendant purports to bring this motion on an emergency basis. *See* Docket No. 28 at 2-3. The Court expresses no opinion herein as to whether emergency treatment of this dispute is appropriate. *But see* Docket No. 27 at 1 n.1. For purposes of this order, the Court simply notes that "the purportedly emergency nature of a dispute does not obviate the requirement to conduct a proper meet-and-confer." *Cardoza*, 141 F. Supp. 3d at 1142.

Accordingly, the motion to compel is **DENIED** without prejudice. Defendant must immediately serve a copy of this order on Travelers Insurance and must file a proof of service by September 24, 2019.

IT IS SO ORDERED.

Dated: September 23, 2019

                                                  Nancy J. Koppe
                                                  United States Magistrate Judge