UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMERICAN ALTERNATIVE INSURANCE CORP., <br> Plaintiff(s), <br> v. <br> JOHN DUCAS, <br> Defendant(s). | Case No.: 2:18-cv-02346-APG-NJK <br><br> **Order** <br><br> [Docket No. 30] |

Pending before the Court is Defendant's motion to compel discovery from Plaintiff, which was filed on an emergency basis. Docket No. 30.

"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 3d at 1140-41. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances. *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be rare").

In addition to various technical requirements, *see* Local Rule 7-4(a), parties seeking emergency relief must satisfy several substantive requirements. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c); *see also* Local Rule 26-7(d). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43. If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. at 1143. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "[i]t is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493. For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright. *See Cardoza*, 141 F. Supp. 3d at 1143 (collecting cases). Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193; *see also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency").

The instant motion arises out of supplemental disclosures and a privilege log served on June 4, 2019. *See* Docket No. 30 at 2, 12. The meet-and-confer was conducted nearly four months later. *See id*. at 2. The fact that Defendant delayed bringing this motion until the eve of the discovery cutoff does not justify emergency treatment whereby the motion is moved to the front of the line ahead of the many other matters pending before the undersigned. *Cf. Mazzeo v.*

*Gibbons*, 2010 WL 3020021, at *1 (D. Nev. July 27, 2010) (Leen, J.) (explaining that "other cases, motions filed, scheduled hearings and settlement conferences do not afford me the luxury of dropping everything to hear a party's perceived 'emergency'" and instead waiting to resolve the motion until it "has worked its way up the tall stack of matters on my desk").

Accordingly, the Court declines to give the motion emergency consideration. Instead, the motion will be briefed pursuant to the schedule previously provided, *see* Docket No. 13, and will be decided in the ordinary course.[1]

IT IS SO ORDERED.

Dated: September 24, 2019

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Nancy J. Koppe
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] The Court expresses no opinion herein as to the merits of the motion.